UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUDITH CERRATO | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:11-cv-623 (JCH) |
| | : | |
| v. | : | |
| | : | |
| SOLOMON & SOLOMON | : | JANUARY 28, 2013 |
|    Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION (DOC. NO. 100)**

**I.     INTRODUCTION**

Plaintiff Judith Cerrato ("Cerrato") brings this action against defendant Solomon & Solomon ("Solomon") for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c ("FDCPA"), and for Connecticut state law invasion of privacy by intrusion upon seclusion.  Solomon moved for partial summary judgment (Doc. No. 66) and Cerrato subsequently cross-moved (Doc. No. 71).  Both motions only addressed Cerrato's claim pursuant to the FDCPA.  In its December 18, 2012 Ruling, the court denied both motions for summary judgment because it held that "eight unanswered telephone calls can constitute 'communications' under the FDCPA—at least calls in which the debt collector's name and telephone number appear on the consumer's caller ID display and follow over 100 calls previously placed by that debt collector—and . . . [because] there are material issues of fact as to whether Solomon is entitled to a bona fide error defense."  See Ruling on Partial Summary Judgment (Doc. No. 89) at 17.  Solomon filed a Motion for Permission to Take Interlocutory Appeal (Doc. No. 89), which the court denied on January 4, 2013.

1

Now before the court is Solomon's Motion for Leave to File a Motion for Reconsideration (Doc. No. 100).  For the following reasons, Solomon's motion is denied.

**I.  STANDARD**

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted).  There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice.  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.  Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

**II.  DISCUSSION**

Solomon has failed to point to controlling decisions or data that the court overlooked in reaching its Ruling on summary judgment.  See Shrader, 70 F.3d at 257.  The Second Circuit has held that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.  That is all

Solomon is doing in this recent filing. Solomon has not introduced any new case law or made any new arguments as to why eight unanswered telephone calls should not constitute "communications" under the FDCPA. It is merely parroting the arguments it made on summary judgment. For this reason, the request to file a Motion for Reconsideration should be denied.

In addition, in seeking leave to file a Motion for Reconsideration "to correct clear error or prevent manifest injustice," see Mem. in Supp. Mot. for Reconsid. at 4, Solomon has misread the court's Ruling. Solomon argues that the court's Ruling "renders every unanswered telephone call an automatic violation of" Sections 1692d(6) and e(11) of the FDCPA. Id. at 6. However, the court did not rule that "every unanswered telephone call" constitutes a "communication" under the FDCPA. Instead, the court held more narrowly that "eight unanswered telephone calls . . . in which the debt collector's name and telephone number appear on the consumer's caller ID display and follow over 100 calls previously placed by that debt collector" may constitute "communications" under the FDCPA. See Ruling at 17. This court sees no "manifest injustice."[1]

### III. CONCLUSION

The court considered its decision carefully when it made it. If the court has erred, there is a remedy for that. However, the Ruling reflects the court's considered opinion.

---

[1] Solomon also argues that the court's Ruling "cannot be squared with [section] 1692c(c) and the controlling authority expressly permitting communication with consumers after receipt of a cease and desist letter for the three reasons as specified in the statute." Mem. in Supp. Mot. for Reconsid. at 11. This is simply not the case. Section 1692c(c) prohibits communications unless it is for one of the specified reasons. 15 U.S.C. § 1692c(c)(1)-(3). Therefore, if a debt collector left numerous unanswered telephone calls in an effort to advise the consumer her debt was terminated, notify the consumer that the debt collector may invoke specified remedies, or notify the consumer that the debt collector intends to invoke a specified remedy, see id., then there would be no violation of section 1692c(c). However, as with Solomon, when there is no evidence that the debt collector had this legitimate purpose—and, in fact, evidence to the contrary—the debt collector cannot escape liability under one of the exceptions. See Ruling at 13-14.

For these reasons, the Motion for Leave to File a Motion for Reconsideration (Doc. No. 100) is **DENIED**.

**SO ORDERED**.

Dated at New Haven, Connecticut, this 28th day of January, 2013

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge